UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

VELMA SCOTT,

        Plaintiff,

    v.

WAL-MART STORES EAST, LP,
D/B/A WAL-MART STORE # 787, et
al.,

        Defendants.

CIVIL ACTION NO.
1:20-CV-01445-JPB

## ORDER

This matter comes before the Court on Wal-Mart Stores East, LP's

("Defendant") Motion for Summary Judgment [Doc. 34].  This Court finds as

follows:

## BACKGROUND

The Court derives the facts of this case from Defendant's Statement of

Material Facts as to Which There Is No Genuine Issue to Be Tried [Doc. 34-1] and

Velma Scott's ("Plaintiff") Statement of Disputed Material Facts[1] [Doc. 43].  The

Court also conducted its own review of the record.[2]

The Local Rules of this Court require a respondent to a summary judgment

motion to include with its responsive brief "[a] response to the movant's statement

of undisputed facts."  LR 56.1(B)(2)(a), NDGa.  The Local Rules make clear that

the Court

> will deem each of the movant's facts as admitted unless the
> respondent:  (i) directly refutes the movant's fact with concise
> responses supported by specific citations to evidence (including page
> or paragraph number); (ii) states a valid objection to the admissibility
> of the movant's fact; or (iii) points out that the movant's citation does
> not support the movant's fact or that the movant's fact is not material
> or otherwise has failed to comply with the provisions set out in LR
> 56.1(B)(1).

LR 56.1(B)(2)(a)(2), NDGa.

---

[1] Plaintiff filed a document titled "Statement of Disputed Material Facts."  [Doc. 43].
However, this document is more accurately described as Plaintiff's response to
Defendant's Statement of Material Facts as to Which There Is No Genuine Issue to Be
Tried.  [Doc. 34-1].  In the "Statement of Disputed Material Facts," Plaintiff only
responds to the facts presented by Defendant and does not offer any new facts.  See LR
56.1(B)(2)(a), NDGa.  Plaintiff did not otherwise file a statement of additional facts that
she contends are material and present a genuine issue for trial.  See LR 56.1(B)(2)(b),
NDGa.

[2] With permission from this Court, see [Doc. 46], Defendant filed a surreply in which it
argued that Plaintiff's Response to the Motion for Summary Judgment and other
associated documents should not be considered by the Court because of their untimely
filing, see [Doc. 45-2].  However, the Court exercises its discretion to review and
consider Plaintiff's untimely Response and related filings as part of the record in this
case.  See LR 7.1(F), NDGa.

Plaintiff filed a Statement of Disputed Material Facts in which she objected to several of Defendant's alleged facts.  [Doc. 43].  However, the majority of Plaintiff's objections are not proper under Local Rule 56.1(B)(2)(a)(2).  Plaintiff does not refute Defendant's facts by providing citations to evidence, noting that the given citation does not support the fact or arguing that the fact is not material.  Instead, Plaintiff primarily objects to Defendant's facts on admissibility grounds, but Plaintiff does not cite to any applicable rules from the Federal Rules of Evidence.  For many objections, Plaintiff seems to suggest that the fact at issue is inadmissible because it is improper lay opinion testimony and because it pertains to an ultimate issue in the case.  Under Federal Rule of Evidence 701, opinion testimony by lay witnesses is admissible if it is "rationally based on the witness's perception," "helpful to clearly understanding the witness's testimony or to determining a fact in issue" and "not based on scientific, technical, or other specialized knowledge" such that it would fall under the ambit of expert opinion.  The facts to which Plaintiff objects as inadmissible lay opinion testimony meet Rule 701's parameters:  the facts relate to witnesses' observations and descriptions of a physical item whose properties are at issue in the case.  These observations are therefore "rationally based on the witness[es'] perception[s]" and "helpful . . . to determining a fact at issue."  Fed. R. Evid. 701.  And as mere descriptions of a

physical object, these facts do not require "scientific, technical, or other specialized knowledge."  Id.  Finally, "[a]n opinion is not objectionable just because it embraces an ultimate issue."  Fed. R. Evid. 704(a).  The Court thus declines to sustain Plaintiff's objections that are based on admissibility.[3]

In accordance with the Local Rules, this Court will not consider unsupported facts.  The Court will, however, use its discretion to consider all facts the Court deems material after reviewing the record.  The facts of this case, for the purpose of adjudicating the instant motion, are as follows:

On May 22, 2018, around 3:55 PM, Plaintiff walked to a bus stop via an exterior sidewalk near the Garden Center exit at the Wal-Mart Store in Riverdale, Georgia.  [Doc. 43, pp. 1–2].  Within five to six feet of the exit, Plaintiff tripped and fell on an exposed piece of circular metal protruding from the sidewalk pavement.  Id. at 2.  After the fall, Plaintiff saw a cut pipe sticking up from the pavement by—in Plaintiff's words—"maybe an inch or two," which she thought caused her fall.  Id. at 3.  Plaintiff admitted that she did not measure the metal circle.  Id. at 4.  The sidewalk area was well-lit, and the weather was clear.  Id. at 2–3.  Nothing blocked Plaintiff's view of the sidewalk when she left the store.  Id.

---

[3] Plaintiff objected to other facts in Defendant's Statement of Material Facts that the Court does not consider material for the purposes of adjudicating this Motion.  As such, the Court will not address those objections.

at 4.  Plaintiff did not see the cut pipe beforehand, though, because she was not looking down while she walked.  Id.

After the incident, Assistant Manager for Defendant, Cateshia Gantt, visually inspected the sidewalk where the fall occurred and obtained six photographs of the cut pipe in the pavement.  Id.  The photos show a dark metal circle, where a pole had been removed, that is visible against the light-colored sidewalk pavement.  Id. at 5.  Plaintiff identified the metal circle from these photos.  Id. at 4.  Both Gantt, who supervised the Garden Center, and LaQuontea Ignont, a Garden Associate of ten years, inspected and cleaned this exterior sidewalk on a daily basis, id. at 5, although neither employee witnessed Plaintiff's incident,  id. at 10.  They described the cut edge of the metal circle as slightly irregular but virtually flush with the sidewalk itself.  Id. at 5.  Both Gantt and Ignont testified that a small portion of the circle's irregularity was slightly above the sidewalk by approximately 1/8th of an inch.  Id. at 6–7.  Ignont stated that the metal circle was level with the sidewalk but that some of the cut edges were a little rough.  Id. at 6.  According to both Gantt and Ignont, the metal circle had been in the sidewalk for the entirety of their respective periods of employment at the store, and neither reported having ever received any complaints about it.  Id. at 9.  Prior

to Plaintiff's incident, neither Gantt nor Ignont knew of anyone who had tripped, slipped or fallen as a result of the metal circle in the pavement.  Id. at 10.

Plaintiff filed a complaint in the State Court of Clayton County on January 28, 2020, bringing a claim of negligence against Defendant.[4]  [Doc. 1-2, p. 5]. Defendant removed the case to this Court on April 3, 2020, on the basis of diversity jurisdiction.  [Doc. 1, p. 3].  Defendant filed the instant Motion for Summary Judgment on April 14, 2021.  [Doc. 34].

## ANALYSIS

### A.    Legal Standard

Under Federal Rule of Civil Procedure 56(a), a "court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  A material fact is any fact that "is a legal element of the claim under the applicable substantive law which might affect the outcome of the case."  Allen v. Tyson Foods, Inc., 121 F.3d 642, 646 (11th Cir. 1997).  A genuine dispute exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  Anderson

---

[4] Plaintiff also named as Defendants John Does 1–3, who are allegedly "unknown owners, managers, employees, contractors, and/or operators or other entities" affiliated with Defendant.  [Doc. 1-2, pp. 4–5].  However, as a general rule, "fictitious-party pleading is not permitted in federal court."  Richardson v. Johnson, 598 F.3d 734, 738 (11th Cir. 2010).  The Court will therefore not further address these unnamed Defendants.

v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  Ultimately, "[t]he basic issue before the court on a motion for summary judgment is 'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'"  Allen, 121 F.3d at 646 (citation omitted).

The party moving for summary judgment bears the initial burden of showing that no genuine issue exists as to any material fact, "and in deciding whether the movant has met this burden the court must view the movant's evidence and all factual inferences arising from it in the light most favorable to the nonmoving party."  Id.  After the movant satisfies this initial burden, the nonmovant bears the burden of showing specific facts indicating that summary judgment is improper because a material issue of fact does exist.  Id.  However, "[a] mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be enough of a showing that the jury could reasonably find for that party."  Walker v. Darby, 911 F.2d 1573, 1577 (11th Cir. 1990) (quoting Anderson, 477 U.S. at 251).  If the record taken as a whole cannot lead "a rational trier of fact to find for the non-moving party, there is 'no genuine issue for trial.'"  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (citation omitted).

**B.** **Negligence**

Plaintiff brought a sole claim of negligence against Defendant.  In Georgia, an owner or occupier of land is liable to an invitee "for injuries caused by [the owner's or occupier's] failure to exercise ordinary care in keeping the premises and approaches safe."  O.C.G.A. § 51-3-1.  A "plaintiff's first burden in a premises liability case is to show the premises were defective or hazardous," Beman v. Kmart Corp., 501 S.E.2d 580, 582 (Ga. Ct. App. 1998), because "[p]roof of a fall, without more, does not create liability on the part of a proprietor or landowner," Flagstar Enters., Inc. v. Burch, 600 S.E.2d 834, 835 (Ga. Ct. App. 2004) (citations omitted).  Unless a plaintiff shows that a dangerous condition exists, "there can be no evidence that the defendant had any knowledge of the danger, and therefore no recovery for the plaintiff."  Metts v. Wal-Mart Stores, Inc., 604 S.E.2d 235, 237 (Ga. Ct. App. 2004).  To succeed in a premises liability action, then, "a plaintiff must show:  (i) the existence of a defective or hazardous condition on the premises; (ii) that the defendant had either actual or constructive knowledge of this condition; and (iii) that the plaintiff had no knowledge of the condition, despite the exercise of ordinary care."  Warner v. Hobby Lobby Stores, Inc., 741 S.E.2d 270, 273 (Ga. Ct. App. 2013).

According to Defendant, the metal circle in the pavement was not a tripping hazard.[5]  See [Doc. 34-2, p. 5] ("The edge was not uneven enough or high enough above the sidewalk to trip anyone or for the metal circle to be considered a tripping hazard.").  Plaintiff claims that "whether the cut-off pole constituted a tripping hazard" is an unsettled question of fact that should be resolved by a jury.  [Doc. 44, p. 3].

"The threshold point of inquiry in a slip and fall case is the existence of a hazardous condition on the premises."  Flagstar Enters., 600 S.E.2d at 835.  A "hazard" is "[a] danger or risk lurking in a situation which by chance or fortuity develops into an active agency of harm."  Gresham v. Bell's Food Market, Inc., 534 S.E.2d 537, 538 (Ga. Ct. App. 2000) (alteration in original) (quoting Black's Law Dictionary (4th ed. rev.)).

---

[5] Defendant argues more specifically that the metal circle was an open and obvious static condition.  "A static condition is one that does not change and is dangerous only if someone fails to see it and walks into it."  Gervin v. Retail Prop. Tr., 840 S.E.2d 101, 104 (Ga. Ct. App. 2020) (citation omitted).  Defendant cites Tanner v. Larango, 502 S.E.2d 516, 517 (Ga. Ct. App. 1998), for the proposition that an open and obvious static condition cannot provide a basis for a landowner's liability.  See id. ("It is common knowledge that small cracks, holes and uneven spots often develop in pavement; . . . where there is nothing to obstruct or interfere with one's ability to see such a static defect, the owner or occupier of the premises is justified in assuming that a visitor will see it and realize the risk involved." (quoting Freyer v. Silver, 488 S.E.2d 728, 731 (Ga. Ct. App. 1997))).  According to Defendant, the metal circle in this case was open and obvious, and nothing obstructed Plaintiff's view of it.  Therefore, Defendant contends, the metal circle was neither dangerous nor hazardous.

Defendant provided photographs illustrating the cut pipe in the pavement. [Doc. 34-6].  It is undisputed that these photos show "a dark metal circle visible against the light-colored sidewalk pavement, where a pole had been removed." [Doc. 43, p. 5].  Defendant's employees testified that they received no complaints about the metal circle in the pavement during the periods of their respective employment.

In contrast, Plaintiff did not present any evidence showing that the metal circle in the pavement was hazardous or dangerous.  In her Response to the Motion for Summary Judgment, Plaintiff notes that "Defendant concedes in both its Brief and Statement of Material Facts that Plaintiff 'tripped and fell over a metal circle' that came out of the ground less than 1/8 of an inch."  [Doc. 44, p. 6].  Plaintiff goes on to say that "[t]herefore, . . . there is evidence that the cut-off pole was a danger or risk constituting a hazard."  Id.  Plaintiff seems to argue that because she tripped, the metal circle is necessarily hazardous.  However, Georgia courts do not accept this line of reasoning, and this Court may not do so either.  "Proof of the occurrence of an injury, without more, is insufficient to establish liability on the part of a proprietor."  Metts, 604 S.E.2d at 237 (citation omitted).  A plaintiff is obliged to "come forward with *evidence* that the proprietor had superior knowledge of a dangerous condition that was unknown to [Plaintiff] that caused her injuries."

10

Id.  Further, "[m]erely stating that a condition is dangerous does not constitute evidence that it is so."  Ford v. Bank of Am. Corp., 627 S.E.2d 376, 378 (Ga. Ct. App. 2006).

Other than the mere incident of her fall, Plaintiff has not brought forward any evidence establishing that the metal circle in the pavement was dangerous or hazardous.  She has not offered expert testimony about the metal circle, for example, or provided "any evidence that [Defendant] violated any rules, ordinances, or standards pertaining to the [cut-off pipe]."  Cohen v. Target Corp., 567 S.E.2d 733, 735 (Ga. Ct. App. 2002).  Plaintiff also has not shown "the existence of a hazard by evidence that others had fallen in the area," id.; in fact, Plaintiff admitted that Defendant received no records of complaints about the metal circle.  Furthermore, while the fact of Plaintiff's fall does not suffice to show the existence of a hazardous condition, neither does—standing alone—the presence of an irregularity in the sidewalk.  See, e.g., Tanner v. Larango, 502 S.E.2d 516, 517 (Ga. Ct. App. 1998) ("Occupiers of premises whereon the public is invited to come are not required to keep their parking lots and other such areas free from irregularities and trifling defects.  One coming upon such premises is not entitled to an absolutely smooth or level way of travel."  (citation and punctuation omitted)).  Plaintiff's claim thus cannot survive summary judgment.  See Holmes

v. Dogencorp, LLC, No. 1:17-CV-2460-MHC, 2019 WL 1499469, at *3 (N.D. Ga.

Feb. 7, 2019) ("At the summary judgment stage, to create a question of fact as to

the existence of a hazardous condition, a plaintiff must offer some evidence that

the condition of the location where the incident occurred 'constituted an

unreasonable risk of harm.'" (quoting Flagstar Enters., 600 S.E.2d at 835)); see

also Cohen, 567 S.E.2d at 734–35 (holding that "summary judgment was

warranted on the first ground urged by defendants—that [plaintiff] failed to show

the existence of any defect or hazard").

     Nonetheless, Plaintiff argues that there is a "material factual dispute as to the

measurements of the cut-off pole."[6]  [Doc. 44, p. 3].  Defendant's employees

testified that the metal circle protruded above the sidewalk by approximately 1/8th

of an inch or that it was "virtually flush" with the sidewalk.  [Doc. 34-4, pp. 4, 10].

According to Plaintiff, the metal circle was raised above the sidewalk by "maybe

an inch or two," but she "[couldn't] really say."  [Doc. 43, p. 3].  However,

Plaintiff still has not presented any evidence that the metal circle posed a hazard,

regardless of whether it measured 1/8th of an inch or one inch above the pavement.

---

[6] Plaintiff makes this argument in her Brief in Support of her Response to Defendant's
Motion for Summary Judgment.  [Doc. 44].  As noted earlier, see supra note 1, Plaintiff
did not file a statement of additional material facts that present a genuine issue for trial,
pursuant to Local Rule 56.1(B)(2)(b).  The Court addresses Plaintiff's argument
nonetheless.

And, as noted above, the mere occurrence of her fall and resulting injury are not enough to establish the Defendant's liability.

Because Plaintiff has not provided evidence that the metal circle was dangerous or hazardous, the Court cannot conclude that a hazard existed of which Defendants had superior knowledge.  See Ford, 627 S.E.2d at 378 ("Without first establishing that a dangerous condition existed, the plaintiff cannot establish that the defendant knew about the danger and therefore cannot recover.").  As such, Defendant is entitled to summary judgment.

## CONCLUSION

For the foregoing reasons, this Court **HEREBY GRANTS** Defendant's Motion for Summary Judgment [Doc. 34].  The Clerk is **DIRECTED** to close this case.

**SO ORDERED** this 22nd day of November, 2021.

J. P. BOULEE
United States District Judge